Hagarty, J.
(concurring in result). A tenant is defined in the Business Bent Law (L. 1945, ch. 314, § 2, subd. [e], as amd.) as “ A lessee, sublessee, licensee, or other person entitled to the possession or to the use or occupancy of the whole or a part of any business space.” To be so entitled and to achieve the status of tenant, one must be on the premises as the result of a contract entered into with the owner or some representative characterized as ‘ ‘ landlord ’ ’. If there, has been no such contract, there can be no freeze of the relationship. I can perceive no other basis for the diverse holdings whereby a former owner can be evicted upon foreclosure, whereas his tenant is entitled to remain.
Hickman was not a tenant at the time that the foreclosure action was instituted, and no act of the receiver could serve to make him one in a manner binding upon the owner of the fee. The receiver was the mere ministerial hand of the court, not subject to control of any party interested in the property. To impute to the real owner of the property responsibility for acts of a receiver would be the taking of property without due process of law, unjustified by any emergency which requires merely the curbing of increase of rents.
The only rational explanation for the inclusion of the term “ receiver ” within the definition of the term “ landlord ” in the emergency rent laws, in my opinion, is that it recognizes and maintains a relationship limited to the scope and continuance of the receivership.
*642 I concur only for the reason that, after the' sale, the purchaser accepted rent from Hickman.
Lewis, P. J., Johnston and Adel, JJ., concur with Carswell, ' J.; Hagarty, J., concurs in the result, with opinion.
Order modified on the law by striking therefrom the provision which grants plaintiff’s motion for an order in the nature of-a writ of assistance to evict appellant Charles J. Hickman, Jr., doing business as Hickman Mirror & Glass Company, and inserting in place thereof a provision denying the motion as to such appellant. As thus modified, the order is affirmed, with $10 costs and disbursements to appellant Charles J. Hickman, Jr.